## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEAH MIRABELLA, on behalf of herself and all others similarly situated, | Case No. 13-cv-11392 |
| Plaintiff, | |
| v. | |
| RUE LA LA, INC. and KYNETIC LLC, | |
| Defendants. | |

## CLASS ACTION COMPLAINT

Plaintiff Leah Mirabella ("Plaintiff") alleges the following upon personal knowledge as to her own transactions and upon information and belief (based upon, *inter alia*, investigation conducted by her attorneys) as to all other matters.

## INTRODUCTION

1.      Plaintiff brings this action on behalf of herself and other similarly situated consumers who purchased gift certificates from Ruelala, Inc. ("Rue La La"). Rue La La brand gift certificates are sold and issued by Rue La La with expiration dates that are deceptive and illegal under both federal law and the laws of Massachusetts.  Defendant Rue La La issues such illegal gift certificates by working with local retailers and service providers.

2.      Defendant Rue La La is a company that claims to offer, over the Internet, significantly discounted gift certificates to restaurants, bars, salons, spas, gyms, retail stores, dance classes, and other businesses, in addition to hosting online members-only "flash sales."

3.      Defendant Rue La La purports to offer discounts to members-only customers by

partnering with retail businesses that directly provide products or services sold through its gift cards.

4.     Defendant Rue La La partners with hundreds of retail businesses around the country.

5.     Defendant Rue La La and its retailer partners share the revenue derived from the sale of gift certificates.

6.     Plaintiff and other consumers are offered "Rue Local Picks" or gift certificates that purport to offer a significant discount on a certain business' regular price for a particular item or service.  Upon purchase of a "Rue Local Pick," Defendant Rue La La sends a confirmation email to the purchaser containing the gift certificate, which then may be redeemed with the retail business within a specified, fairly limited, period of time.

7.     Upon information and belief, Defendant Rue La La and its retail partners sell and issue gift certificates with illegal expiration dates knowing that many consumers will not use the gift certificates prior to their expiration dates, and that most consumers will not attempt to use the gift certificates after the passage of the stated expiration dates.

8.     Defendant Rue La La's systematic placement of expiration dates on its gift certificates is deceptive and harmful to consumers.

9.     Consumers must act quickly to purchase gift certificates—usually within a 24-48 hour period.  As such, consumers, like Plaintiff, feel pressured and are rushed into buying the gift certificates and unwittingly become subject to the onerous sales conditions imposed by Defendant Rue La La, including illegal expiration terms that are unconscionably short—often just a few months.

10.     Defendant Rue La La and its retail partners rely on the fact that consumers often

2

will not manage to redeem gift certificates before the limited expiration period.  Therefore, many consumers are left with a gift certificate with no value, despite already having paid for the particular service or product.

11.       Defendant Rue La La and its retail partners obtain an enormous monetary windfall from the sale of gift certificates that are not redeemed before expiration, which is precisely the type of harmful business conduct that both Congress and the Massachusetts legislature intended to prohibit.

12.       While Defendant Rue La La and its retail partners state that each gift certificate expires within months, they omit the material fact that the expiration dates are illegal.

13.       This material omission causes consumers such as Plaintiff and members of the proposed class to refrain from redeeming the gift certificates, or otherwise attempting to enforce the agreement, after their expiration dates have passed,

14.       Plaintiff, like many unsuspecting consumers nationwide, fell victim to Defendants' deceptive and unlawful conduct and purchased a gift certificate bearing an illegal expiration date.

15.       Based on the foregoing, Plaintiff, on behalf of herself and the Class, brings this class action against Defendant Rue La La and its parent Defendant Kynetic LLC ("Kynetic") (collectively "Defendants") for violations of federal and state law.

16.       Plaintiff seeks damages and equitable relief on behalf of herself and the Class, including but not limited to, compensatory and punitive damages, an order enjoining Defendants from selling and issuing gift certificates with expiration dates and other onerous terms, costs and expenses, Plaintiff's reasonable attorneys' fees and expert fees, and any additional relief that this Court determines to be necessary or appropriate to provide complete relief to Plaintiff and the

Class.

## PARTIES

17.     At all times relevant to this matter, Plaintiff resided and continues to reside in Massachusetts. During the relevant time period, Plaintiff received offers for discounted products and services from Defendant Rue La La and purchased gift certificates based on representations and claims made by Defendant Rue La La.

18.     The gift certificates purchased by Plaintiff are subject to an illegal expiration date.

19.     Defendant Rue La La is a Delaware corporation with its principal place of business in Boston, Massachusetts. Defendant Rue La La does business throughout the United States including in Massachusetts.  Defendant Rue La La markets, sells, and issues its gift certificates to millions of consumers throughout the United States, including many thousands of consumers in Massachusetts.

20.     Defendant Kynetic is a Pennsylvania limited liability company with its principal place of business in King of Prussia, Pennsylvania.

21.     During the relevant time period, Plaintiff received offers for discounted products and services from the Defendants, and purchased gift certificates based on representations and claims made by Defendants.

## JURISDICTION AND VENUE

22.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1332(d)(2).  The matter in controversy in this class action exceeds $5,000,000, exclusive of interest and costs, and some members of the class are citizens of states other than the states in which some Defendants are incorporated and have their principal places of business.

23.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant

to 28 U.S.C. §1367.

24.     This Court has personal jurisdiction over each Defendant because each conducts substantial business in Massachusetts. Defendants have specifically marketed, sold and issued gift certificates in Massachusetts, and they have sufficient minimum contacts with this district, and/or sufficiently avail themselves of the markets in Massachusetts through their promotion, sales, and marketing within this district to render the exercise of jurisdiction by this Court permissible.

25.     Venue is proper in this district pursuant to 28 U.S.C. §§1391(a) and (b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

**A.      Defendants Promote, Sell and Issue Gift Certificates With Illegal Expiration Dates**

26.     Since 2008, Defendant Rue La La has maintained a "members-only" private sale website that promises consumers discounted deals on various products and services.

27.     To receive the deals offered by Defendant Rue La La, consumers must sign up and provide their email addresses and other personal information to Defendant Rue La La.

28.     Close to 7.5 million people reportedly have signed up as members to receive offers from Defendant Rue La La.

29.     To arouse consumer interest and create the urgency to buy gift certificates, Defendant Rue La La offers deals for a limited amount of time—usually a 24-48 hour period. This creates a "shopping frenzy" among consumers who feel pressured to purchase gift certificates as quickly as possible.

30.     Consumers purchase gift certificates directly through Defendant Rue La La's

5

website using their credit or debit cards.

31.     Defendant Rue La La subsequently sends a confirmatory email to purchasers containing the gift certificate to be printed and presented to the merchant upon redemption.

32.     The gift certificates may be directly redeemed with the retail businesses who purport to offer the products and services indicated on the gift certificate.

33.     Defendants impose illegal expiration dates, among other onerous conditions, on each gift certificate they sell and issue. The expiration dates on gift certificates are frequently just a few months from the date of purchase.

34.     Defendants know that after they have driven consumers to purchase gift certificates as quickly as possible, many consumers ultimately will be unable to redeem the gift certificates before the expiration date.

35.     Accordingly, consumers often cannot take advantage of and/or use the product or service they paid for before the expiration date unilaterally imposed by Defendants. This results in a very substantial windfall for Defendants.

36.     In addition to imposing illegal expiration periods, Defendants impose other deceptive and unfair conditions on consumers.  Defendants require consumers to redeem gift certificates in the course of a single transaction.  Consumers therefore are forced to redeem their gift certificates all at once and cannot use their gift certificates for multiple transactions or on multiple occasions.

37.     Likewise, consumers cannot redeem any unused portion of gift certificates for the cash amount.  Defendants place unfair restrictions on the manner in which consumers can redeem the gift certificates for the products and services offered, even though consumers have already paid in full for such products and services.

6

38.     Upon information and belief, Defendant Rue La La changed its expiration date policy sometime after July 2012 in an attempt to comply with federal and state laws and differentiate the gift certificates' paid and promotional values.

**B.     Defendant Rue La La's Retail Business Partners Agree to Sell Gift Certificates with Illegal Expiration Dates**

39.     Defendant Rue La La focuses on two markets: (a) the consumers who wish to obtain the advertised products or services by purchasing gift certificates, and (b) the retail businesses who partner with Defendant Rue La La to promote their products and services.  These retail businesses are willing to work with Defendant Rue La La and offer their products and services at a discount because Defendant Rue La La promises to promote their products and services to its huge subscription base and guarantees them a specified volume of business.

40.     Defendant Rue La La partners with local businesses to promote gift certificates and offer "Rue Local Picks."

41.     All gift certificates were sold and issued with illegal expiration terms in violation of federal and state laws.

42.     Defendant Rue La La's business model, particularly its ability to establish partnerships with retail businesses, depends in large part on its systematic use of illegal expiration dates.

43.     Defendant Rue La La knows that its retail partners are not willing to offer their products and services at a discount to consumers through the sale of gift certificates without an agreement to limit the time period for which consumers can redeem the gift certificates.

44.     Accordingly, Defendant Rue La La and its retail partners continue to flout the law by imposing illegal expiration dates on the gift certificates sold to consumers.

45.     Upon information and belief, Defendant Rue La La typically takes for itself half,

or fifty percent (50%), on the sale of each gift certificate.

**C.  Plaintiff Purchased a Fitness Together Gift Certificate With an Illegal Expiration Date from Defendant Rue La La**

46.      On or about July 5, 2012, Plaintiff purchased one gift certificate from Fitness Together, a personal fitness training center located in Boston, Massachusetts, for private training sessions and made a payment of $59.00 to Rue La La through Rue La La's website.

47.      Plaintiff subsequently received an e-mail from Rue La La confirming her purchase of the Fitness Together gift certificate.  The e-mail contained the Fitness Together gift certificate to be printed and presented to the merchant upon redemption.

48.      The gift certificate stated that it expired on October 31, 2012.

49.      Plaintiff was unable to redeem the gift certificate before the termination of Defendant Rue La La's expiration period.

## CLASS ACTION ALLEGATIONS

50.      Plaintiff brings this nationwide class action lawsuit on behalf of herself and the proposed Class members under Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

51.      Plaintiff seeks certification of one or more of the following classes (collectively referred to for present purposes, for ease of reference, as "the Class"):

National Class

All persons in the United States who purchased or acquired a gift certificate from Rue La La with any expiration date less than the period mandated by applicable law.

Plaintiff expressly reserves her right to amend this Class definition if discovery and further investigation reveal that the Class should be expanded or otherwise modified.

National EFTA Subclass

All persons in the United States who purchased or acquired a gift
certificate from Rue La La with an expiration date of less than
five years from the date of purchase.

Plaintiff expressly reserves her right to amend this Class definition
if discovery and further investigation reveal that the Class should
be expanded or otherwise modified.

Massachusetts Subclass

All persons in Massachusetts who purchased or acquired a gift
certificate from Rue La La with any expiration date that is less than
the expiration period provided under Massachusetts gift certificate
law.

Plaintiff expressly reserves her right to amend this Class definition
if discovery and further investigation reveal that the Class should
be expanded or otherwise modified.

52.     **Numerosity.** The Class comprises, at a minimum, tens of thousands of consumers

throughout Massachusetts and the United States. The Class is so numerous that joinder of all

members of the Class is impracticable.

53.     **Commonality and Predominance.** Common questions of law and fact exist as to

Plaintiff and all Class members and are predominant over any questions that affect only

individual members of the Class.  These common questions of law and fact include, without

limitation.

(a)     Whether Defendants sold and issued gift certificates subject to improper

expiration dates;

(b)     Whether Defendants' imposition of expiration dates on gift certificates

violates federal and/or Massachusetts laws;

(c)     Whether Defendants engaged in deceptive  and unfair business and trade

practices related to the imposition of expiration dates on gift certificates and other onerous terms and conditions;

(d)     Whether Plaintiff and Class members are entitled to compensatory damages, including actual and statutory damages; and

(e)     Whether Plaintiff and Class members are entitled to declaratory, injunctive and/or equitable relief.

54.     **Typicality.** Plaintiff's claims are typical of the claims of Class members. Plaintiff and the members of the Class sustained damages arising out of Defendants' common course of conduct in violation of law, as complained of herein. The damages of each Class member were caused directly by Defendants' illegal conduct as alleged herein.

55.     **Adequacy.** Plaintiff will fairly and adequately protect the interests of the Plaintiff. Plaintiff is an adequate representatives of the Class and has no interests adverse to the interests of absent class members. Plaintiff has retained counsel who have substantial experience and success in the prosecution of complex class action and consumer protection litigation.

56.     **Superiority.** A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all Class members is impracticable.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense that numerous actions would engender. Furthermore, the expenses and burden of individual litigants and the lack of knowledge of Class members regarding Defendants' activities would make it difficult or impossible for individual Class members to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action.  The cost to the court system of adjudication of

such individualized litigation would be substantial.  The trial and litigation of Plaintiff's claims will be manageable.

## CAUSES OF ACTION

### COUNT I
### Violations of 15 U.S.C. § 1693l-1, the EFTA, as Amended by the CARD Act
### (Against All Defendants)

57.      Plaintiff repeats and re-alleges each and every allegation contained above as if set forth herein.

58.      The EFTA, as amended by the CARD Act, under 15 U.S.C. § 1693l-1, prohibits the sale or issuance of gift certificates that are subject to expiration dates.

59.      Defendants sold and issued and/or agreed to sell and issue offers, which are specifically defined as "gift certificates" under 15 U.S.C. § 1693*l*-1(a)(2)(B).

60.      15 U.S.C. § 1693*l*-1(a)(2)(B) defines a gift certificate as "an electronic promise that is

> (i) redeemable at a single merchant or an affiliated group of merchants that share the same name, mark, or logo;
>
> (ii) issued in a specified amount that may not be increased or reloaded;
>
> (iii) purchased on a prepaid basis in exchange for payment; and
>
> (iv) honored upon presentation by such single merchant or affiliated group of merchants for goods or services."

61.      Defendants' offers constitute electronic promises that are: (a) redeemable at a single merchant or an affiliated group of merchants; (b) issued in a specified amount that may not be increased or reloaded; (c) purchased on a prepaid basis in exchange for payment; and (d) honored upon presentation by such single merchant or affiliated group of merchants for goods or

services.

62.         At all relevant times, Defendants' gift certificates were sold and issued to

consumers through electronic fund transfer systems established, facilitated, and monitored by

Defendant Rue La La.

63.         Defendant Rue La La's gift certificates are not exclusively issued in paper form.

Defendant Rue La La provides an email to consumers containing the gift certificate to be printed

and presented to the merchant upon redemption.

64.         Defendants' gift certificates are marketed and sold to the general public and are

not issued as part of any loyalty, award, or promotional program.

65.          Defendants violated the EFTA by selling and issuing and/or agreeing to sell and

issue gift certificates with expiration dates less than five years from the dates of issuance.

66.         As a direct and proximate result of Defendants' unlawful acts and conduct,

Plaintiff and Class members were deprived of the use of their money that was charged, collected

and retained by Defendants through the sale of gift certificates with illegal expiration dates.

67.         Pursuant to 15 U.S.C. § 1693m, Plaintiff, on behalf of herself and the Class, seeks

injunctive relief, as well as reasonable attorneys' fees and the cost of this action.


**COUNT II**
**Violations of M.G.L. c. 200A §5D**
**(Against All Defendants)**

68.         Plaintiff repeats and re-alleges each and every allegation contained above as if set

forth herein.

69.         Defendants violated Massachusetts's gift certificate statute, M.G.L. c. 200A §5D,

which prohibits the sale of gift certificates with expiration dates of less than seven years, by

selling and issuing and/or agreeing to sell and issue gift certificates to Plaintiff and members of

the Class containing expiration dates that expire less than seven years from the date of issuance.

70.     As a direct and proximate result of Defendants' unlawful acts and conduct,

Plaintiff and members of the Class were deprived of the use of their money that was charged and

collected by Defendants through the sale of Rue La La gift certificates with illegal expiration

dates.  Plaintiff, on behalf of herself and the Class, seeks compensatory damages, including

actual and statutory damages, injunctive and declaratory relief, as well as reasonable attorneys'

fees and the cost of this action, as a result of Defendants' statutory violations.

## COUNT III
### Breach of Contract
### (Against All Defendants)

71.     Plaintiff repeats and re-alleges each and every allegation contained above as if set

forth herein.

72.     Plaintiff and members of the Class entered into contracts with Defendants for the

sale of gift certificates.

73.     At no time prior to or after purchase did Defendants require Plaintiff or Class

members to "click" to signify their assent to an expiration date, illegal or otherwise.

74.     The clause of the contract purporting to set out an "expiration date" is void as a

matter of public policy and is unenforceable.

75.     Defendants have anticipatorily repudiated the contracts they entered into with

Plaintiff and Class members by refusing to honor the contract after a certain date.

76.     Defendant Rue La La implies on its website that once an offer reaches its

expiration date, it loses its promotional value.

77.     Defendants further breached their duty of good faith and fair dealing by

intentionally adding expiration dates they knew or reasonably should have known were in violation of federal and state laws.

78.     Plaintiff and the Class members have complied with their obligations under their contracts with Defendants.

79.     Defendants' contractual breaches have caused Plaintiff and the Class economic injury and other damages.

**COUNT IV**
**Quasi-Contract/Restitution**
**(Against All Defendants)**

80.     Plaintiff repeats and re-alleges each and every allegation contained above as if set forth herein.

81.     Plaintiff asserts this claim in the alternative to her claim of breach of contract, in the event that the Court determines that no contract exists.

82.     Defendants have received, and continue to receive, benefits at the expense of Plaintiff and the Class members, because Plaintiff and the Class members remitted to Defendants money in the expectation of the fulfillment of promises that Defendants refused and refuse to fully and faithfully fulfill.

83.     Defendants willfully, knowingly and/or recklessly sold and issued and/or agreed to sell and issue gift certificates that included terms containing illegal, unenforceable expiration dates.

84.     Defendants refused and refuse to honor their promises after certain dates and instead retain Plaintiff's and Class members' money paid for their gift certificates.

85.     As a direct and proximate result of Defendants' unlawful acts and conduct, Plaintiff and Class members were deprived of the use of their money that was unlawfully

charged, collected and retained by Defendants.

86.       Plaintiff and the Class are therefore entitled to damages in restitution for the

money that Defendant has unjustly received and retained in connection with the sale of the gift

certificates.

## PRAYER FOR RELIEF

Plaintiff, individually and on behalf of the Class, prays for judgment and relief against

Defendants as follows:

A.       For an order declaring this a class action pursuant to Rule 23 of the Federal

Rules of Civil Procedure on behalf of the proposed Class described herein and appointing

Plaintiff to serve as class representative.

B.       For an order enjoining Defendants from continuing to sell and issue gift

certificates and pursuing the above policies, acts, and practices related to the sale and

issuance of such gift certificates;

C.       For an order requiring Defendants to fund a corrective advertising campaign in

order to remedy their wrongful and illegal conduct;

D.       For an order awarding damages as restitution for, *inter alia*, the monies

Defendants improperly acquired by Defendants' imposition of wrongful and illegal

expiration dates;

E.       For an order requiring disgorgement of monies wrongfully obtained as a result

of Defendants' improper and illegal conduct;

F.       For compensatory and punitive damages, including actual and statutory

damages arising from Defendants' illegal conduct;

G.       For an award of reasonable attorneys' fees and all costs and expenses incurred

15

in the course of prosecuting this action;

    H.    For pre-judgment and post-judgment interests at the applicable legal rate; and

    I.    For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: June 10, 1013                Respectfully submitted,

                                  /s/ Matthew E. Miller
                            Matthew E. Miller (BBO# 559353)
                            CUNEO GILBERT & LADUCA, LLP
                            507 C Street, NE
                            Washington, DC 20002
                            (202) 789-3960
                            (202) 789-1813 (fax)

                            Charles J. LaDuca
                            William Anderson
                            Brendan S. Thompson
                            CUNEO GILBERT & LADUCA, LLP
                            8120 Woodmont Avenue, Ste. 810
                            Bethesda, MD 20814
                            (202) 789-3960
                            (202) 789-1813 (fax)

                            Erica C. Mirabella (BBO# 676750)
                            132 Boylston Street, 5th Floor
                            Boston, MA 02116
                            (617) 580-8270
                            (617) 583-1905 (fax)

                            Michael A. McShane
                            AUDET & PARTNERS, LLP
                            221 Main Street, Suite 1460
                            San Francisco, CA 94105
                            (415) 568-2555
                            (415) 576-1776 (fax)

                            **ATTORNEYS FOR PLAINTIFF**