**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LEAH MIRABELLA, on behalf of herself and all others similarly situated, | |
| *Plaintiff,* | C.A. No. 1:13-cv-11392-GAO |
| v. | Class Action |
| RUE LA LA, INC. and KYNETIC LLC, | |
| *Defendants.* | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ........................................................................................... i

TABLE OF AUTHORITIES ................................................................................. iii

I.      INTRODUCTION ..........................................................................................1

II.     LEGAL STANDARD .....................................................................................2

III.    FACTUAL AND PROCEDURAL BACKGROUND ........................................4

IV.     TERMS OF THE PROPOSED SETTLEMENT .............................................5

        A.      The Settlement Class .......................................................................5

        B.      Relief To Settlement Class Members ...............................................6

        C.      Incentive Award And Attorney's Fees .............................................6

        D.      Release ..............................................................................................7

        E.      Notice And Right To Opt Out ..........................................................7

V.      THE PROPOSED SETTLEMENT SHOULD BE PRELIMINARILY
        APPROVED ...................................................................................................8

        A.      There Is No Risk Of Fraud Or Collusion Because The Settlement
                Agreement Was Negotiated At Arm's Length By Reputable Lawyers And
                Facilitated By A Highly Experienced Mediator ...............................8

                1.      Plaintiff And The Class Face A Substantial Risk Of Recovering
                        Nothing .................................................................................9

                2.      If The Litigation Proceeds, It May Be Years Before The Class
                        Recovers, If At All ...............................................................11

                3.      The Proposed Settlement Provides The Settlement Class With
                        Substantial Relief .................................................................12

VI.     THE REQUIREMENTS FOR CERTIFICATION OF A SETTLEMENT CLASS
        ARE SATISFIED ..........................................................................................12

        A.      Rule 23(a)'s Requirements Are Satisfied .......................................13

                1.      Numerosity ............................................................................13

**Page**

2.      Commonality...................................................................................13

3.      Typicality ......................................................................................13

4.      Adequacy Of Representation ........................................................14

B.      The Settlement Class Should Be Preliminarily Approved Under Rule
23(b)(3) ......................................................................................................15

1.      Rule 23(b)(3)..................................................................................15

a.      Predominance........................................................................15

b.      Superiority.............................................................................16

VII.    THE PROPOSED NOTICE SATISFIES THE REQUIREMENTS OF FED. R.
CIV. P. 23. ...........................................................................................................17

A.      Legal Standard For Approval Of A Notice Plan......................................17

B.      The Content Of The Notice Is Appropriate .............................................18

C.      The Manner Of Providing Notice Is Appropriate ....................................19

VIII.   CONCLUSION....................................................................................................19

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Amchem Prods., Inc. v. Windsor,* 521 U.S. 591 (1997) ........................................... passim

*Andrews v. Bechtel Power Corp.,* 780 F.2d 124 (1st Cir. 1985) ................................. 14

*Browning v. Yahoo! Inc.*, No. C04-01463 HRL, 2006 WL 3826714 (N.D. Cal. Dec. 27, 2006) ................................................................................................................. 19

*Bussie v. Allmerica Fin. Corp.*, 50 F.Supp.2d 59 (D.Mass. 1999) ............................ 11

*Careccio v. BMW of N. Am. LLC*, No. 08–2619, 2010 WL 1752347 (D.N.J. Apr. 29, 2010) ................................................................................................................. 12

*Cf. Hochstadt v. Bos. Scientific Corp.*, 708 F. Supp. 95 (D. Mass. 2010) ................. 8

*City P'ship Co. v. Atl. Acquisition Ltd. P'ship,* 100 F.3d 1041 1st Cir. 1996) .......... 2, 4

*Duhaime v. John Hancock Mut. Life Ins. Co.,* 177 F.R.D. 54 (D. Mass. 1997) ......... 14

*Durrett v. Providence Hous. Auth.*, 896 F.2d 600 (1st Cir. 1990) ............................. 8

*East Tx. Motor Freight Sys., Inc. v. Rodriguez,* 431 U.S. 395 (1977) ....................... 14

*Eisen v. Carlisle & Jacquelin,* 417 U.S. 156 (1974) .................................................. 3

*García– Rubiera v. Calderon,* 570 F.3d 443 (1st Cir. 2009) ..................................... 14

*Gen. Tel. Co. v. Falcon,* 457 U.S. 147 (1982) .......................................................... 3

*Gorsey v. I.M. Simon & Co.*, 121 F.R.D. 135 (D. Mass. 1988) ................................ 13

*Grace v. Perception Tech., Inc.*, 128 F.R.D. 165 (D. Mass. 1989) ........................... 17

*In re Am. Med. Sys., Inc.,* 75 F.3d 1069 (6th Cir. 1996) ......................................... 14

*In re Bos. Scientific Corp. Sec. Litig.,* 604 F. Supp. 2d 275 (D. Mass. 2009) ........... 14

*In re Chambers Dev. Sec. Litig.*, 912 F. Supp. 822 (W.D. Pa. 1995) ...................... 11

*In re Compact Disc Minimum Advertised Price Antitrust Litig.*, 216 F.R.D. 197 (D. Me. 2003) ........................................................................................................ 19

*In re Diet Drugs Prods. Liab. Litig.*, 226 F.R.D. 498 (E.D. Pa. 2005) ...................... 19

**Page**

*In re Evergreen Ultra Short Opportunities Fund Sec. Litig.*, 275 F.R.D. 382 (D. Mass. 2011) ............................................................................................................... 15

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*, No. 02-CV-3400 (CM)(PED), 2010 WL 4537550 (S.D.N.Y. Nov. 8, 2010) ................................................................. 9

*In re Gen. Instrument Sec. Litig.*, 209 F. Supp. 2d 423 (E.D. Pa. 2001) ...................................... 10

*In re Gen. Motors Corp. Pick–Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768 (3d Cir. 1995) ....................................................................................................... 2

*In re Lupron Mktg. and Sales Practices Litig.,* 345 F. Supp. 2d 135 (D. Mass. 2004) .... 2, 4, 8, 19

*In re M3 Power Razor Sys. Mktg. & Sales Practice Litig.*, 270 F.R.D. 45 (D. Mass. 2010) .............................................................................................................. 3

*In re Pharm. Indus. Average Wholesale Price Litig.*, 588 F.3d 24 (1st Cir. 2009) ...................... 2

*In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions,* 148 F.3d 283 (3d Cir. 1998) ...................................................................................................... 14

*Lazar v. Pierce*, 757 F.2d 435 (1st Cir. 1985) ................................................................. 8

*Lorazepam v. Mylan Labs., Inc.*, Nos. MDL 1290 (TFH), 99MS276 (TFH), 2003 WL 22037741 (D.D.C. June 16, 2003) ................................................................... 9

*Luevano v. Campbell*, 93 F.R.D. 68 (D.D.C.1981) ........................................................ 12

*Nat'l Ass'n of Chain Drug Stores v. New England Carpenters Ass'n,* 582 F.3d 30 (1st Cir. 2009) ..................................................................................................... 2

*Nilsen v. York Cnty.,* 228 F.R.D. 60 (D. Me. 2005) ........................................................ 3

*Novella v. Westchester Cnty.*, 661 F.3d 128 (2d Cir. 2011) ............................................ 13

*O'Brien v. Brain Research Labs*, No. 12-201, 2012 WL 3242365 (D.N.J. Aug. 9, 2012) ....................................................................................................... 10

*Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999) ........................................................... 12

*Otte ex rel. Estate of Reynolds v. Life Ins. Co. of N. Am.*, 275 F.R.D. 50 (D. Mass. 2011) ........................................................................................................... 16

*Parker v. Time Warner Entm't Co.*, LP, 631 F. Supp. 2d 242 (E.D.N.Y 2009) ........................... 12

*Perez v. Asurion Corp.*, 501 F. Supp. 2d 1360 (S.D. Fla. 2007) ................................................. 11

**Page**

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985) ................................................................ 17

*Randle v. SpecTran*, 129 F.R.D. 386 (D. Mass. 1988) ................................................................ 17

*Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208 (1974)...................................... 14

*Smilow v. Sw. Bell Mobile Sys., Inc.,* 323 F.3d 32 (1st Cir. 2003) .................................... 3, 16, 17

*Swack v. Credit Suisse First Bos.*, 230 F.R.D. 250 (D. Mass. 2005)........................................... 13

*U.S. v. Mass.*, 869 F.Supp.2d 189 (D. Mass. 2012) ................................................................... 11

*United States v. District of Columbia*, 933 F. Supp. 42 (D.D.C. 1996)....................................... 10

*Voss v. Rolland*, 592 F.3d 242 (1st Cir. 2010) ............................................................................. 2

*Wal–Mart Stores, Inc. v. Dukes,* 131 S. Ct. 2541 (2011).............................................................. 13

*Waste Mgt. Holdings, Inc. v. Mowbray,* 208 F.3d 288 (1st Cir. 2000).................................... 3, 16

**STATUTES**

12 C.F.R. §205.20(a)................................................................................................................ 10

15 U.S.C. §1693*l*-1(a)(2)(B) ................................................................................................... 10

15 U.S.C. §1693*l*-1(a)(2)(D)(iii)............................................................................................. 10

Fed. R. Civ. P. 23(a) ......................................................................................................... 13, 14

Fed. R. Civ. P. 23(b)(3)....................................................................................................... 15, 17

Fed. R. Civ. P. 23(c)(2)(B) ................................................................................................ 18, 19

Fed. R. Civ. P. 23(e)(1).......................................................................................................... 4, 17

Fed. R. Civ. P. 23(e)(2)............................................................................................................. 2

Mass. G.L. ch. 255D, § 1 ...................................................................................................... 10

**OTHER AUTHORITIES**

Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1778 (3d
    ed. 2011) ....................................................................................................................... 16

Herbert B. Newberg & Alba Conte, *Newberg on Class Actions*, §11.41 (4th ed. 2011)................. 8

**Page**

*Manual for Complex Litigation (Fourth)* §21.632 (2004) ............................................................. 3

## I.     INTRODUCTION

The Parties have reached a proposed settlement of this nationwide class action (the "Proposed Settlement") in which Settlement Class Members[1] can receive a Rue La La Account Credit for future Rue La La purchases constituting 100% of the Paid Value of their Rue La La Vouchers that they were unable to redeem due to the expiration date.  Exhibit 1 to Declaration of Charles J. LaDuca ("LaDuca Decl."), Stipulation and Agreement of Class Action Settlement ("Settlement Agreement").  This Proposed Settlement is an excellent result, as it provides Settlement Class Members with meaningful relief, while taking into account the significant risks Plaintiff would face if the litigation progressed.

The Proposed Settlement was reached after nearly a year of arm's length negotiation, which included research of state and federal law, the drafting of a federal complaint, the interviewing of dozens of potential class members, informal discovery, letters, conference calls and mediation before a skilled neutral mediator, the Honorable James Robertson (Ret.) of JAMS.

Following these events, counsel for Plaintiff and Defendants were fully informed of the factual and legal issues of the case.  Given counsels' intimate knowledge of the facts and legal issues, as well as their substantial experience in nationwide class actions involving consumers, Plaintiff submits that the Proposed Settlement achieves an excellent result and is in the best interests of the Settlement Class.  The Proposed Settlement potentially provides direct and substantial relief to Settlement Class Members who attempted to redeem Qualifying Vouchers but were unable to receive the Paid Value of the Vouchers because of the stated expiration date.  As part of the Proposed Settlement, Defendants also covenanted to comply with all applicable federal and state

---

[1] All capitalized terms shall have the same meaning as ascribed to them in the Stipulation and Agreement of Class Action Settlement.

laws relating to the terms of expiration for gift certificates.  Plaintiff contends that the Proposed Settlement falls well within the range of reasonableness in light of:  (1) Defendants' potential defenses; (2) the costs and risks of prosecuting this action to trial; and (3) the very significant recovery achieved.

Accordingly, Plaintiff respectfully requests the Court grant preliminary approval of the Proposed Settlement so that notice can be distributed to Settlement Class Members and a fairness hearing can be scheduled to consider final approval of the Proposed Settlement.

## II.   LEGAL STANDARD

A district court reviews a proposed class action settlement to determine whether it is fair, reasonable and adequate.  *See* Fed. R. Civ. P. 23(e)(2); *accord*, *Voss v. Rolland*, 592 F.3d 242, 251 (1st Cir. 2010); *City P'ship Co. v. Atl. Acquisition Ltd. P'ship,* 100 F.3d 1041, 1043 (1st Cir. 1996). The Court enjoys "great discretion to 'balance [a settlement's] benefits and costs' and apply this general standard." *Voss, supra*, 592 F.3d at 251, *citing Nat'l Ass'n of Chain Drug Stores v. New England Carpenters Ass'n,* 582 F.3d 30, 45 (1st Cir. 2009).  If the parties negotiated at arm's length and conducted sufficient discovery, a presumption is created that the settlement is reasonable.  *In re Pharm. Indus. Average Wholesale Price Litig.*, 588 F.3d 24, 32-33 (1st Cir. 2009).  More specifically, a presumption of fairness attaches to the court's preliminary fairness determination when "(1) the negotiations occurred at arm's length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected." *In re Lupron Mktg. and Sales Practices Litig.,* 345 F. Supp. 2d 135, 137 (D. Mass. 2004) *(*quoting *In re Gen. Motors Corp. Pick–Up Truck Fuel Tank Prods. Liab. Litig.,* 55 F.3d 768, 785 (3d Cir. 1995)).

At the "preliminary approval" stage, the Court "must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms . . . ." *Manual for Complex Litigation (Fourth)* §21.632 (2004) ("*Manual*").  As Judge Woodlock has noted:

> When asked to review a class action settlement preliminarily, I examine the proposed settlement for obvious deficiencies before determining whether it is in the range of fair, reasonable, and adequate. *See, e.g., Manual for Complex Litigation (Fourth)* § 21.632. The Advisory Notes to the 2003 Amendments to Rule 23 caution that "[a] court that is not satisfied that the requirements of Rule 23 have been met should refuse certification until they have been met." Fed. R. Civ. P. 23 advisory committee's note (2003). Ultimately, the more fully informed examination required for final approval will occur in connection with the Final Fairness Hearing, where arguments for and against the proposed settlement will be presented after notice and an opportunity to consider any response provided by the potential class members.

*In re M3 Power Razor Sys. Mktg. & Sales Practice Litig.*, 270 F.R.D. 45, 62 (D. Mass. 2010) (alterations in original).  *See also Nilsen v. York Cnty.,* 228 F.R.D. 60, 62 (D. Me. 2005) (expressing doubt about whether preliminary approval is anything more than a determination that the settlement "deserves consideration by the class and whether the notice is appropriate.").  All courts agree that a final determination about whether the settlement is ultimately fair, reasonable and adequate is an issue that cannot be determined until the final approval hearing.

In order to certify a settlement class at the preliminary approval stage, the Court must also determine whether the requirements of Rule 23 are met.  *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 620 (1997) ("*Amchem*").  Hence, "[a] district court must conduct a rigorous analysis of the prerequisites established by Rule 23."  *Smilow v. Sw. Bell Mobile Sys., Inc.,* 323 F.3d 32, 38 (1st Cir. 2003) (citing *Gen. Tel. Co. v. Falcon,* 457 U.S. 147, 161 (1982)).  In doing so, "the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met."  *Waste Mgt. Holdings, Inc. v. Mowbray,* 208 F.3d 288, 298 (1st Cir. 2000) (quoting *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 178 (1974)).  "When a settlement class is proposed, it is incumbent on the district court to give heightened scrutiny to the requirements of Rule 23 in order to protect absent class members."  *In re Lupron Mktg. and Sales*

*Practices Litig.,* 228 F.R.D. 75, 88 (D. Mass. 2005) (citing *Amchem,* 521 U.S. at 620).  "This cautionary approach notwithstanding, the law favors class action settlements."  *Id.* (*citing City P'ship Co. v. Atl. Acquisition Ltd. P'ship,* 100 F.3d 1041, 1043 (1st Cir. 1996)).

Finally, the court must approve the proposed notice to class members and the settling parties' notice plan.  Fed. R. Civ. P. 23(e)(1) ("The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.").  For the reasons discussed below, Plaintiff believes that preliminary approval of the Proposed Settlement, certification of the Settlement Class, appointment of the Settlement Class Representative and Settlement Class Counsel and approval of the Notice are in the best interests of Plaintiff and the Settlement Class.

## III.    FACTUAL AND PROCEDURAL BACKGROUND

Based in Boston, Massachusetts, Rue La La is a growing company that facilitates Internet-based "daily deals," by which consumers may purchase a wide variety of offerings—often from local merchants ("Rue Local Picks") such as Fitness Together—at a substantial discount.  (Complaint ¶¶ 39-46.)[2]  Kynetic is the Pennsylvania-based parent company of Rue La La.  *Id.* at ¶20.  From time to time, new deals become available at 11:00 a.m. Eastern and are generally available for 48 hours. The deals offered by Rue La La, include, but are not limited to, deals for restaurant meals, personal services (massages, haircuts, manicures), entrance or access  into venues, fitness classes, outdoor activities, travel, clothing and accessories.  *See, e.g.*, *id.* at ¶¶ 4-6. Rue La La Vouchers that offer purchasers a specific dollar amount to use for the purchase of goods or services are typically split into a "paid" portion (*i.e.*, the amount actually paid for the voucher) and a "promotional" portion (any amount above the paid portion of the voucher).

---

[2] Plaintiff's Class Action Complaint ("Complaint") (Dkt. No. 1), filed June 10, 2013.

Following months of research and interviews of dozens of proposed class members, Plaintiff filed her complaint in the United States District Court for the District of Massachusetts on June 10 2013.  LaDuca Decl., ¶¶ 7-8.  The Parties quickly determined that exploring the possibility of early resolution would be worthwhile.  LaDuca Decl., ¶¶ 8-9.  Over the course of the months that followed, multiple conversations took place by phone and the Parties exchanged correspondence.  LaDuca Decl., ¶ 8.  When it became evident that a framework for reolution could be mutually agreed upon, Plaintiff's counsel aggressively pursued targeted informal discovery aimed at the most salient details related to Defendants' business.  LaDuca Decl., ¶ 9.  Having secured that information, the Parties set about preparing the Settlement Agreement that memorialized the points of agreement.  Only after resolving all substantive components of the Settlement did the Parties engage in negotiation regarding attorney's fees.  LaDuca Decl., ¶ 12.  With the help of experienced JAMS mediator and former District of Columbia United States District Court Judge James Robertson the Parties agreed to a mediator's proposal for the amount of attorney's fees.  *Id.*

## IV.    TERMS OF THE PROPOSED SETTLEMENT

The complete terms of the Proposed Settlement are set forth in the concurrently filed Settlement Agreement, which is attached to the LaDuca Declaration as Exhibit 1, and are summarized below.

### A.    The Settlement Class

The Settlement Class is defined as:

> All Persons in the United States who, on or before May 3, 2013, purchased from Rue La La's website a voucher redeemable for goods and/or services that contained or was otherwise subject to an expiration date.

Settlement Agreement §2.35.

- 5 -

**B.      Relief To Settlement Class Members**

The Proposed Settlement offers each Settlement Class Member a Rue La La Account Credit equal to 100% of the Paid Value for any Qualifying Voucher that is timely submitted through a valid claim form.  Settlement Agreement §7.A.1.  Rue La La Account Credits shall not expire until five (5) years from the date of issue.  Settlement Agreement § 2.29.  A claims process is required here because Defendants do not have records showing which potential Settlement Class Members actually redeemed the Vouchers they purchased or the reasons that the purchaser failed to redeem the Voucher.   Thus, it would be impossible for Defendants to provide relief to Settlement Class Members who were unable to redeem the Paid Value of their Vouchers because of an expiration date absent a claims process.  There is no limit upon the number or value of claims to be made.  There is no reverter, nor any potential for *pro rata* reduction of the amounts to be provided to Settlement Class Members.  Payment of attorney's fees and costs will be made separate and independent of funds directed to Settlement Class Members and the Fee Award will not reduce the relief to Settlement Class Members.

In addition to issuing Rue La La Account Credits, Defendants have agreed that for a minimum period of three (3) years from the Effective Date they will "comply with all federal and state laws relating to the terms of expiration for gift certificates, including the applicable terms of 15 U.S.C. §1693*l*."  Settlement Agreement §7.B.  This is a significant achievement for consumers.

**C.      Incentive Award And Attorney's Fees**

Defendants agree to not oppose Plaintiff's counsel's application for attorney's fees and costs, as long as it does not exceed $250,000, and Plaintiff's counsel agree not to seek an amount in excess of $250,000.  As referenced above, this Fee Award amount was determined by Judge James Robertson (Ret.) of JAMS after receiving written submissions from the Parties, conducting teleconferences and holding a day of mediation.  LaDuca Decl., ¶ 12.

Defendants further agree to not oppose a petition for an incentive award of no more than $2,500 for the Settlement Class Representative who put forth significant time and effort to advance the interests of the Class.  Settlement Agreement §9.A.

### D.      Release

Upon the Court's entry of the Final Judgment and Order Approving Settlement, each Releasing Party shall be deemed to have released and forever discharged the Released Parties, including Defendants, from liability for any and all actions or claims of any nature, arising out of or in any way relating to conduct that was or could have been alleged in this Action.  Settlement Agreement §11.

### E.      Notice And Right To Opt Out

No later than thirty-five (35) days after the Court grants Preliminary Approval to the Proposed Settlement, the Settlement Administrator will create a website with a variety of case-related documents including:  the Complaint, the Preliminary Approval Order, the Proposed Final Approval Order, the Settlement Agreement, the Website Notice, the Email Notice, and Claim Form and answers to a variety of frequently asked questions agreed upon by the Parties.  Settlement Agreement §6.A.  Also within thirty-five (35) days of issuance of the Preliminary Approval Order, Notice of the Proposed Settlement will be sent to the email addresses of Settlement Class Members contained in Rue La La's records.  Settlement Agreement §6.B.  As email is the primary form of communication between Rue La La and its customers, the Parties agree that email is the best practicable means by which Rue La La can provide direct notice.  The content of the Email Notice is subject to Court approval.

Settlement Class Members shall have until no later than thirty (30) days prior to the Final Approval Hearing to opt-out of or object to the Settlement.  Settlement Agreement §§10.A and 10.B.

## V.    THE PROPOSED SETTLEMENT SHOULD BE PRELIMINARILY APPROVED

The First Circuit has recognized the policy in favor of encouraging class action settlements. *Durrett v. Providence Hous. Auth.*, 896 F.2d 600, 604 (1st Cir. 1990) (reversing denial of approval of class action settlement as an abuse of discretion); *Lazar v. Pierce*, 757 F.2d 435, 440 (1st Cir. 1985) (noting the "overriding public interest in favor of the voluntary settlement of disputes, particularly where class actions are involved."); *In re Lupron*, 228 F.R.D. at 88 (noting that, "the law favors class action settlements."). As discussed below, the Settlement Agreement is fair, reasonable and adequate and worthy of approval. The Court should grant preliminary approval and order Notice to Settlement Class Members.

### A.    There Is No Risk Of Fraud Or Collusion Because The Settlement Agreement Was Negotiated At Arm's Length By Reputable Lawyers And Facilitated By A Highly Experienced Mediator

The Parties reached the Settlement after nearly a year of discussions. The Settlement was negotiated at arm's length by experienced counsel on both sides, who are fully versed in complex class action litigation, particularly with respect to consumer and so-called "gift card" litigation. LaDuca Decl., ¶¶ 3-6. Once the material terms of the Settlement were agreed upon and it was reduced to writing in a signed Settlement Agreement, the Parties commenced focused negotiations pertaining to attorney's fees and costs. Ultimately, direct negotiation between the Parties did not yield consensus. As a result, the Parties agreed to mediate the issue of fees before the Honorable James Robertson (Ret.) of JAMS, who ultimately provided a binding decision related to fees.

These factors demonstrate that the Agreement was not the product of collusion. "[T]here is usually an initial presumption of fairness when a proposed class settlement, which was negotiated at arm's-length by counsel for the class, is presented for court approval." 4 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions*, §11.41 (4th ed. 2011); *Cf. Hochstadt v. Bos. Scientific Corp.*, 708 F. Supp. 2d 95, 108 (D. Mass. 2010) (evaluating the experience of counsel in preliminary

approval process as a factor that contributes to the presumption of fairness); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, No. 02-CV-3400 (CM)(PED), 2010 WL 4537550, at *14 (S.D.N.Y. Nov. 8, 2010) (experience of counsel and skill of mediator contribute to presumption of fairness).

The Parties were fully informed of the factual and legal issues because they engaged in specific and targeted confirmatory discovery. LaDuca Decl., ¶ 9. Plaintiff was provided with documents relating to the expiration dates and terms and conditions placed on Rue La La Vouchers during the relevant time period. LaDuca Decl., ¶ 10. In addition, Plaintiff received information relating to Rue La La's agreements with Merchants, as well as the amount of refunds issued by Rue La La during the relevant time period. *Id.* Thus, Plaintiff's counsel requested, received and reviewed information pertaining to the heart of her claims—whether the Rue La La Vouchers violated the terms of applicable law. As such, Plaintiff was fully informed of the key factual and legal issues of the case when the Proposed Settlement was reached.

Moreover, counsel for the Parties have extensive experience with nationwide consumer class actions. Plaintiff's counsel has deep and substantial experience with consumer class actions in general and gift certificate litigation specifically. LaDuca Decl., ¶ 3-6. Similarly, Defendants' counsel, Covington & Burling LLP, is nearly 100 years old and employs over 800 lawyers in 10 offices internationally. Because the Parties' counsel are experienced and informed about the facts of the case, their support of the Proposed Settlement is entitled to considerable weight. *See Lorazepam v. Mylan Labs., Inc.*, Nos. MDL 1290 (TFH), 99MS276 (TFH), 2003 WL 22037741, at *6 (D.D.C. June 16, 2003) (stating the opinion of experienced counsel "should be afforded substantial consideration by a court in evaluating the reasonableness of a proposed settlement").

### 1. Plaintiff And The Class Face A Substantial Risk Of Recovering Nothing

Plaintiff's claims are based primarily on novel theories of liability under the CARD Act, a relatively new federal statute which became effective in 2010, and a somewhat similar

Massachusetts statute.   The CARD Act provides, among other things, that a gift certificate is an "electronic promise" redeemable at a "single merchant or an affiliated group of merchants," is "issued in a specified amount," and is redeemable "for goods or services."   15 U.S.C. §1693*l*-1(a)(2)(B); *see also* 12 C.F.R. §205.20(a).  Among other things, Defendants contend that the voucher purchased by Plaintiff was redeemable for a specific item or experience, and thus was not "issued in a specified amount," as required by the CARD Act.   Defendants also contend that the CARD Act permits the expiration of the promotional value of its Vouchers.   *See, e.g.*, 15 U.S.C. §1693*l*-1(a)(2)(D)(iii) (stating that term "gift certificate" does not include "a loyalty, award, or *promotional* gift card") (emphasis added).   With respect to Plaintiff's state-law claim, Defendants contend (among other things) that the voucher purchased by Plaintiff was not a "gift certificate" under Massachusetts law.   *See, e.g.*, Mass. G.L. ch. 255D, § 1 (defining a "gift certificate" as "a writing identified as a gift certificate purchased by a buyer for use by a person other than the buyer not redeemable in cash and usable in its face amount in lieu of cash in exchange for goods or services supplied by the seller").   Accordingly, Defendants contend that neither the voucher purchased by Plaintiff nor any other voucher that Rue La La sold violated the CARD Act or Massachusetts law.

Because Plaintiff faces a significant risk that she will not succeed with her claims (whether on a motion to dismiss, at the class certification stage, summary judgment stage, or at trial), preliminary approval of the Parties' Proposed Settlement is appropriate.[3]  *See In re Gen. Instrument Sec. Litig.*, 209 F. Supp. 2d 423, 431 (E.D. Pa. 2001) ("'The fact that a proposed settlement

---

[3] Examination of the strength and weaknesses of the claims should not become a trial on the merits. *See United States v. District of Columbia*, 933 F. Supp. 42, 47 (D.D.C. 1996) ("'It is precisely the desire to avoid protracted examination of the parties' legal rights which underlies consent decrees.'" "And 'it is therefore inappropriate for the judge to measure the remedies in the decree as if they were fashioned after trial.'") (internal citations and alterations omitted).  Moreover, "'complaining that a settlement should be "better" is not a valid objection.'"  *O'Brien v. Brain Research Labs*, No. 12-201, 2012 WL 3242365, at *15 (D.N.J. Aug. 9, 2012) (internal alterations and citation omitted).

- 10 -

constitutes a relatively small percentage of the most optimistic estimate does not, in itself, weigh

against the settlement: rather, the percentage should be considered in light of the strength of the

claims.'" (internal citation omitted)).  Stated simply, "[a] very large bird in the hand in this litigation

is surely worth more than whatever birds are lurking in the bushes."  *In re Chambers Dev. Sec.*

*Litig.*, 912 F. Supp. 822, 838 (W.D. Pa. 1995).  Given these considerations, preliminary approval of

the Proposed Settlement is warranted to avoid the uncertainties and risks of continued litigation.

> **2.      If The Litigation Proceeds, It May Be Years Before The Class
> Recovers, If At All**

Further supporting approval of the Proposed Settlement is the fact that absent a settlement, it

would likely be years before the Settlement Class obtained any relief—and Settlement Class

Members might ultimately get nothing.  Prior to reaching judgment, in addition to trial and trial-

related preparations and motions, the Parties would likely have to litigate: (a) a Rue La La motion to

dismiss and strike; (b) a vigorously contested class certification motion; (c) summary judgment; (d) a

trial on the merits, and (e) the issue of the amount of damages and/or penalties to award.  Appellate

proceedings are also likely especially given the many issues of first impression raised by this case.

An appeal of a class certification decision alone could take many months, and a Fed. R. Civ. P. 23(f)

interlocutory appeal could be taken as of right by Plaintiff or Defendants.  As courts throughout the

country have repeatedly recognized, avoiding future contentious litigation and the risk and delay that

litigation entails favors settlement.  *See U.S. v. Mass.*, 869 F.Supp.2d 189, 193 (D. Mass. 2012)

("Th[e] fairness determination is not based on a single inflexible litmus test, but, instead, reflects

[the court's] studied review of a wide variety of factors bearing on the cenral question of whther the

settlement is reasonable in light of the uncertainty of litigation.") (quoting *Bussie v. Allmerica Fin.*

*Corp.*, 50 F.Supp.2d 59, 72 (D.Mass. 1999); *Perez v. Asurion Corp.*, 501 F. Supp. 2d 1360, 1381

(S.D. Fla. 2007) ("With the uncertainties inherent in pursuing trial and appeal of this case, combined

with the delays and complexities presented by the nature of the case, the benefits of a settlement are

clear."); *Luevano v. Campbell*, 93 F.R.D. 68, 89 (D.D.C.1981) ("[T]he delay in providing relief to the class if this case were to be litigated is a factor strongly supporting the compromise reached by the parties.").

> **3.    The Proposed Settlement Provides The Settlement Class With Substantial Relief**

Although "full compensation is not a prerequisite for a fair settlement[,]" *Careccio v. BMW of N. Am. LLC*, No. 08–2619, 2010 WL 1752347, at * 6 (D.N.J. Apr. 29, 2010)[3] the Proposed Settlement is nevertheless structured in a way to permit each Settlement Class Member who submits a Valid Claim for a Qualifying Voucher to receive 100% of the paid value of the Voucher in the form of a Rue La La Account Credit, which will be good for a period of five (5) years from date of issue.  Settlement Agreement §§ 2.29, 7.A.  When viewed against the backdrop of the substantial legal obstacles Plaintiff faces, the relief provided by the Proposed Settlement is more than adequate.

## VI.    THE REQUIREMENTS FOR CERTIFICATION OF A SETTLEMENT CLASS ARE SATISFIED

This Court must consider whether a class can be preliminarily certified under Rules 23(a) and (b).  *See Amchem*, 521 U.S. at 619-21; *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 858 (1999).  The Parties here negotiated a settlement that can easily be certified under Rule 23, in light of the applicable standards.

---

[3] *See Parker v. Time Warner Entm't Co.*, LP, 631 F. Supp. 2d 242, 261–62 (E.D.N.Y 2009) ("'[T]here is no reason, at least in theory, why a satisfactory settlement could not amount to a hundredth or even a thousandth part of a single percent of the potential recovery.'") (internal citation omitted).

## A.   Rule 23(a)'s Requirements Are Satisfied

### 1.   Numerosity

Rule 23(a)(1) requires that "the class [be] so numerous the joinder of all members is impracticable." Fed. R. Civ. P. 23(a); *Swack v. Credit Suisse First Bos.*, 230 F.R.D. 250, 258 (D. Mass. 2005). The standard of impracticability does not mean "impossibility," but only difficulty or inconvenience of joining all members of the class. *Novella v. Westchester Cnty.*, 661 F.3d 128, 143 (2d Cir. 2011). The proposed Settlement Class encompasses hundreds of thousands of individuals, dispersed throughout the United States. The overwhelming number of Settlement Class Members demonstrates that joinder is a logistical impossibility. *See, e.g.*, *Gorsey v. I.M. Simon & Co.*, 121 F.R.D. 135, 138 (D. Mass. 1988) (proposed class consisting of 800 to 900 members made joinder impracticable).

### 2.   Commonality

Under *Wal-Mart*, a plaintiff has to demonstrate that the class claims "depend upon a common contention" and that determining the truth or falsity of that contention "will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal–Mart Stores, Inc. v. Dukes,* 131 S. Ct. 2541, 2554 (2011). The Settlement Class here has a significant common issue, which is whether the Rue La La Vouchers violate the CARD Act and Massachusetts law. Each Settlement Class Member made payments in exchange for their gift certficates. Resolution of whether Defendants' issuance of Rue La La Vouchers fails to comport with state and federal law governing gift certificates would resolve an issue central to the validity of the various claims, brought by Plaintiff for the Settlemnt Class.

### 3.   Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class…." The requirement is satisfied if the "class representative[s] . . .

- 13 -

'possess the same interest and suffer the same injury' as the class members." *East Tx. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977) (quoting *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 216 (1974)).  Typicality is present when the class representatives' claims "arise from the same event or practice or course of conduct that gives rise to the claims of other class members, and ... are based on the same legal theory." *García– Rubiera v. Calderon,* 570 F.3d 443, 460 (1st Cir. 2009) (quoting *In re Am. Med. Sys., Inc.,* 75 F.3d 1069, 1082 (6th Cir. 1996)) (alterations in original).  The typicality inquiry allows the court to "'align the interests of the class and the class representatives so that the latter will work to benefit the entire class through the pursuit of their own goals.'" *In re Bos. Scientific Corp. Sec. Litig.,* 604 F. Supp. 2d 275, 282 (D. Mass. 2009) (quoting *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions,* 148 F.3d 283, 311 (3d Cir. 1998)).

The Class Representative in this action alleges the same injury as the Settlement Class— that she made payments for gift certificates that were issued without conformance to state and federal law.

### 4.      Adequacy Of Representation

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class."  This element is generally characterized as an inquiry into whether the attorneys together with the named plaintiff will act diligently on behalf of the class.  *Amchem*, 521 U.S. at 625; *Duhaime v. John Hancock Mut. Life Ins. Co.,* 177 F.R.D. 54, 63-64 (D. Mass. 1997). The First Circuit employs a two-part test in analyzing adequacy: (1) the class representatives' interests must not conflict with the interests of the class; and (2) class counsel is experienced, qualified and able to vigorously conduct the proposed litigation.  *Andrews v. Bechtel Power Corp.,* 780 F.2d 124, 130 (1st Cir. 1985); *In re Bos. Scientific Corp. Sec. Litig.,* 604 F. Supp. 2d at 282.

Both requirements are met.  First, as has been previously submitted to the Court, Plaintiff's counsel are experienced class action lawyers whose combined experience in consumer protection and complex class action litigation, and current diligence and commitment to this litigation, will more than adequately protect the interests of the Settlement Class.  *See* LaDuca Decl., Exhibits 2-4 (curriculum vitaes of Cuneo Gilbert & LaDuca, Audet & Partners, LLP and Mirabella Law).

Second, there is no conflict or antagonism between the proposed Class Representative and the Settlement Class Members.  The Class Representative shares a united interest with the Settlement Class in enforcing the rights of Settlement Class Members to obtain gift certificates in conformance with state and federal law and obtaining the proper benefits of their bargains.

**B.     The Settlement Class Should Be Preliminarily Approved Under Rule 23(b)(3)**

**1.     Rule 23(b)(3)**

Plaintiff seeks certification of a Settlement Class under Rule 23(b)(3).  Analysis under Rule 23(b)(3) requires the Court to assess both the questions of whether common questions of law or fact predominate over individual questions, and whether the class action device is superior to other available methods for fairly and efficiently adjudicating the controversy.  *In re Evergreen Ultra Short Opportunities Fund Sec. Litig.*, 275 F.R.D. 382, 392-93 (D. Mass. 2011).

**a.     Predominance**

Rule 23(b)(3) requires that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623.  "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an

individual basis." 7AA Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1778 (3d ed. 2011).

"Common issues predominate where individual factual determinations can be accomplished using computer records, clerical assistance, and objective criteria-thus rendering unnecessary an evidentiary hearing on each claim." *Smilow*, 323 F.3d at 40. "Where ... common questions predominate regarding liability, then courts generally find the predominance requirement to be satisfied even if individual damages issues remain." *Otte ex rel. Estate of Reynolds v. Life Ins. Co. of N. Am.*, 275 F.R.D. 50, 58 (D. Mass. 2011) (applying *Smilow*). Common questions may predominate despite the existence of individual differences, as long as "a sufficient constellation of common issues binds class members together." *Waste Mgmt. Holdings,* 208 F.3d at 296.

Common questions predominate here. With respect to liability, the overriding common question is whether Defendants violated state and federal laws in their issuance of Rue La La Vouchers. This central liability question can be answered on a common basis for the Settlement Class as a matter of law. The common answer that this query yields, if litigated, would have an overwhelming effect on the resolution of Settlement Class Members' claims.

### b.    Superiority

The superiority requirement is met here as well. A class action is the superior method of resolving large scale claims if it will "achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem*, 521 U.S. at 615. Four factors are considered in determining whether a class action is superior to individual litigation: (1) whether individuals have a strong interest in controlling potentially separate actions; (2) a class action's effect on competing litigation involving members of the class; (3) whether resolution of the case in a single forum is

desirable; and (4) the potential difficulties that management of a class action presents.  Fed. R. Civ.

P. 23(b)(3).

The superiority considerations augur in favor of certification.  Certification allows "the

plaintiffs to pool claims which would be uneconomical to litigate individually." *Phillips Petroleum*

*Co. v. Shutts*, 472 U.S. 797, 809 (1985).  It is neither economically feasible, nor judicially efficient,

for the many thousands of Settlement Class Members to pursue their claims against Defendants on

an individual basis.  *See Smilow*, 323 F.3d at 41 ("The core purpose of Rule 23(b)(3) certification is

to vindicate the claims of consumers and other groups of people whose individual claims would be

too small to warrant litigation."); *Grace v. Perception Tech., Inc.*, 128 F.R.D. 165, 171 (D. Mass.

1989); *Randle v. SpecTran*, 129 F.R.D. 386 (D. Mass. 1988).

Finally, the difficulties of managing a class action are vitiated by the fact of this Settlement

Agreement.  When "confronted with a request for settlement-only class certification, a district court

need not inquire whether the case, if tried, would present intractable management problems . . . for

the proposal is that there be no trial." *Amchem*, 521 U.S. at 620.

## VII.   THE PROPOSED NOTICE SATISFIES THE REQUIREMENTS OF FED. R. CIV. P. 23.

### A.     Legal Standard For Approval Of A Notice Plan

"The court must direct notice in a reasonable manner to all Settlement Class Members who

would be bound by the [settlement] proposal."  Fed. R. Civ. P. 23(e)(1).  Additionally, notice of

certification of a Rule 23(b)(3) class must be given "to all members who can be identified through

reasonable effort" and describe "(i) the nature of the action"; (ii) "the definition of the class

certified"; (iii) "the class claims, issues, or defenses"; (iv) "that a class member may enter an

appearance through an attorney if the member so desires"; (v) "that the court will exclude from the

class any member who requests exclusion"; (vi) "the time and manner for requesting exclusion"; and

(vii) "the binding effect of a class judgment on members under Rule 23(c)(3)."  Fed. R. Civ. P. 23(c)(2)(B).

Here, the Parties have agreed that notice will be administered by Rust Consulting, Inc. Settlement Agreement §2.34.  No later than thirty-five (35) days after entry of the Preliminary Approval Order, Rue La La, through the Settlement Administrator, will provide the Settlement Class with notice of the Proposed Settlement by the following methods.  *Id.*, §6.  Email Notice will be sent directly to Settlement Class Members at the email address contained in Rue La La's records.  *Id.*, §6.B.  The content of the Email Notice will be substantially in the form that is before the Court for approval.  *See* Settlement Agreement, Exhibit D.  Publication notice to the Settlement Class will occur through the comprehensive, dedicated Website.  Settlement Agreement §6.A.  The content of the Website Notice will be substantially in the form that is before the Court for approval.  *See* Settlement Agreement, Exhibit C.  In addition, the Website will contain copies of all relevant documents and information, including but not limited to:  (1) the Complaint, (2) the Preliminary Approval Order, (3) the Proposed Final Approval Order, (4) the Settlement Agreement, (5) the Website Notice, (6) the Email Notice,  (7) the Claim Form, and (8) answers to a variety of frequently asked questions agreed upon by the Parties.  Settlement Agreement §6.A.  The notice plan set forth in the Proposed Settlement satisfies the requirements of Rule 23(e)(1).

## B.    The Content Of The Notice Is Appropriate

This notice program complies with Rule 23 and due process because, among other things, it informs the Settlement Class of: (1) the nature of the action; (2) the essential terms of the Proposed Settlement, including the definition of the Settlement Class and claims asserted; (3) the binding effect of a judgment if the Settlement Class Member does not request exclusion; (4) the process for objection and/or exclusion, including the time and method for objecting or requesting exclusion and that Settlement Class Members may make an appearance through counsel; (5) information regarding

the named plaintiff's request for an incentive award and reimbursement of their attorneys' fees and costs; (6) the procedure for submitting Claims to receive settlement benefits; and (7) how to contact Settlement Class Counsel to make inquiries.  Fed. R. Civ. P. 23(c)(2)(B).  As such, the Court should approve Exhibits C and D to the Proposed Settlement.

### C.        The Manner Of Providing Notice Is Appropriate

Fed. R. Civ. P. 23's notice requirement is satisfied by the proposed two-tiered notice plan: (i) short-form notice by email, with such notice directing potential Settlement Class Members to (ii) the long-form notice on the Internet.  The type of tiered notice proposed here is similar to that which has been approved by many other courts.  *See In re Lupron*, *supra,* 228 F.R.D. at 85 (noting effectiveness of settlement website as means of publication); *Browning v. Yahoo! Inc.*, No. C04-01463 HRL, 2006 WL 3826714, at *8 (N.D. Cal. Dec. 27, 2006) (finding notice by email directing class members to official settlement website particularly appropriate where class members' "allegations arise from their visits to Defendants' Internet websites, demonstrating that the Settlement Class Members are familiar with and comfortable with email and the Internet"); *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, 216 F.R.D. 197, 203–04 (D. Me. 2003) (approving notice program that included short notices directing class to Internet and mailing addresses for further information); *In re Diet Drugs Prods. Liab. Litig.*, 226 F.R.D. 498, 520 (E.D. Pa. 2005) (holding that individualized notice plus Internet publication fulfilled the "'best notice practicable'" requirement of Rule 23(c)(2)) (internal citation omitted).

## VIII.   CONCLUSION

For the reasons stated above, the Parties respectfully request that the Court grant the Joint Motion for Preliminary Approval of Class Action Settlement and proceed to schedule the final approval hearing.

//

- 19 -

Respectfully submitted,

Dated:  May 1, 2014

 /s/ Matthew E. Miller
Matthew E. Miller (BBO# 559353)
CUNEO GILBERT & LADUCA, LLP
507 C Street, NE
Washington, DC 20002
(202) 789-3960
mmiller@cuneolaw.com

Charles J. LaDuca
CUNEO GILBERT & LADUCA, LLP
8120 Woodmont Avenue, Ste. 810
Bethesda, MD 20814
(202) 789-3960
charlesl@cuneolaw.com

Erica C. Mirabella (BBO# 676750)
132 Boylston Street, 5th Floor
Boston, MA 02116
(617) 580-8270
emirabella@gnemlaw.com

Michael A. McShane
AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco, CA 94106
(415) 568-2555
mmcshane@audetlaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to each of attorney of record in this case.

    /s/ Matthew E. Miller

Matthew E. Miller (BBO# 559353)
CUNEO GILBERT & LADUCA, LLP
507 C Street, NE
Washington, DC 20002
(202) 789-3960
mmiller@cuneolaw.com