UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LEAH MIRABELLA, on behalf of herself and all others similarly situated,

    *Plaintiff,*

v.

RUE LA LA, INC. and KYNETIC LLC,

    *Defendants.*

C.A. No. 1:13-cv-11392-GAO

## ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT, DIRECTING THE DISSEMINATION OF NOTICE AND SCHEDULING A FINAL SETTLEMENT HEARING

Before the Court is the parties' Joint Motion for Preliminary Approval. The Court has considered the Stipulation and Agreement of Class Action Settlement and its exhibits; the parties' joint motion for an order preliminarily approving a class action settlement, directing the dissemination of notice, and setting a final settlement hearing; and all other papers filed in this action.

The matter having been submitted and good cause appearing therefore, the Court finds as follows:

1. All defined terms contained herein shall have the same meanings as set forth in the Stipulation and Agreement of Class Action Settlement executed by the settling parties and filed with this Court (the "Settlement Agreement").

2. The Settlement Class Representative and the Released Parties, through their counsel of record in the Litigation, have reached an agreement to settle all claims in the Litigation.

3. The Court preliminarily concludes that, for the purposes of approving this

settlement only and for no other purpose and with no other effect on the Litigation, should the proposed Settlement Agreement not ultimately be approved or should the Effective Date not occur, the proposed Settlement Class meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure in that:

(a) the proposed Settlement Class is ascertainable and so numerous that joinder of all Settlement Class Members is impracticable for purposes of the Settlement;

(b) there are questions of law or fact common to the proposed Settlement Class in the context of the Settlement;

(c) the claims of Settlement Class Representative Leah Mirabella are typical of the claims of the Members of the proposed Settlement Class for purposes of the Settlement;

(d) Settlement Class Representative Leah Mirabella will fairly and adequately represent the interests of the Members of the Settlement Class for purposes of the Settlement;

(e) certification of a settlement class is superior to other available methods for an efficient adjudication of this controversy;

(f) Settlement Class Counsel are qualified to serve as counsel for the Settlement Class Representative in her own capacity as well as her representative capacity and for the Settlement Class; and

(g) in the context of the Settlement, common issues will likely predominate over individual issues.

4. The parties have also presented to the Court for review a Settlement Agreement, which proposes a Settlement that is within the range of reasonableness and meets the requirements for preliminary approval.

5. The parties have also presented to the Court for review a plan to provide notice to

the proposed Settlement Class of the terms of the settlement and the various options each Settlement Class Member has, including, among other things, (1) the option for Settlement Class Members to opt-out of the class action; (2) the option to be represented by counsel of their choosing and to object to the proposed settlement; and/or (3) the option to become a participating Claimant. Notice will be disseminated consistent with the Settlement Agreement. The Court preliminarily concludes that:

(a) the notice proposed is the best practicable under the circumstances, consistent with Fed. R. Civ. P. 23(c)(2)(B), and provides sufficient notice to all Members of the Settlement Class, and

(b) the contents of the proposed notice and the manner of its dissemination satisfy the requirements of state and federal due process.

Good cause appearing therefore, IT IS HEREBY ORDERED that:

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Stipulation and Agreement of Class Action Settlement, and the Settlement contemplated therein, is preliminarily approved.

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of, and solely in connection with, the Settlement, the Court finds that each of the requirements for certification of the Class set forth in the parties' Joint Motion for Preliminary Approval are met and hereby conditionally certifies the following Class:

> All Persons in the United States who, on or before May 3, 2013, purchased from Rue La La's website a voucher redeemable for goods and/or services that was subject to an expiration date.

In the event that the Settlement Agreement is terminated or not consummated, such conditional certification shall be void, and the Released Parties shall have reserved their rights to oppose any and all class certification motions.

3. The Court appoints and designates the named plaintiff, Leah Mirabella, as Settlement Class Representative. The Court appoints and designates the following attorneys and law firms as Settlement Class Counsel: Charles J. LaDuca and Matthew E. Miller of the law firm of Cuneo Gilbert & LaDuca, LLP; Erica C. Mirabella; and Michael A. McShane of the law firm of Audet & Partners, LLP. The Court authorizes Settlement Class Counsel to take approved steps to effectuate the Settlement Agreement and the Settlement contemplated therein on behalf of the Settlement Class Representative and Members of the Settlement Class.

4. The Court appoints and designates Rust Consulting, Inc. as the Settlement Administrator. The Court directs the Settlement Administrator to perform all duties assigned to the Settlement Administrator under the Settlement Agreement.

5. Notice of the proposed settlement and the rights of Settlement Class Members to opt out of the settlement, to object to the settlement, and/or to become a participating Claimant shall be given by issuance of notice consistent with the terms of the Settlement Agreement by December 18, 2014. Non-substantive changes to the form of the Email Notice or the Website Notice may be made without seeking further approval of the Court.

6. Settlement Class Counsel shall file a Motion for Fees and Costs on or before February 11, 2015.

7. A hearing (the "Final Approval Hearing") shall be held in Courtroom 9 of the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, Massachusetts, on March 13, 2015 at 10:00 a.m. to consider whether the settlement should be given final approval by the Court and

whether this Court should enter a Final Approval Order.

(c) Written objections by Settlement Class Members to the proposed Settlement will be considered if they are filed with the Court and received by Settlement Class Counsel and counsel for Defendants on or before February 11, 2015.

(d) All papers filed in support of final approval of the proposed Settlement shall be filed on or before February 27, 2015. The form of Notice disseminated to the Settlement Class shall be filed with the Court on or before February 27, 2015. Evidence that the parties have complied fully with the notice provisions of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, shall be filed with the Court on or before February 27, 2015.

(e) At the Final Approval Hearing, Settlement Class Members may be heard orally in support of or, if they have timely submitted written objections, in opposition to the proposed Settlement.

(f) Settlement Class Counsel and counsel for the Released Parties should be prepared at the Final Approval Hearing to respond to objections filed by Settlement Class Members and to provide other information as appropriate, bearing on whether or not the proposed Settlement should be approved.

(g) In the event that the Effective Date occurs, all Settlement Class Members will be deemed to have forever released and discharged the Released Claims. In the event that the Effective Date does not occur for any reason whatsoever, the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever.

8. Pending entry of a Final Approval Order (and any appellate review thereof), all discovery, pretrial deadlines, and other pretrial proceedings in the Litigation are stayed and suspended until further order of this Court, except as otherwise agreed to by the parties or as may

be necessary to implement the Settlement Agreement or this Order.

9. Pending a ruling on the Final Approval Order (and any appellate review thereof) or termination of the Settlement Agreement, whichever occurs earlier, all Settlement Class Members, and any Person actually or purportedly acting on behalf of any Settlement Class Member(s), are stayed and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claim, directly or indirectly, in any judicial, administrative, arbitral, or other forum, against any of the Released Parties.

10. Other than to enforce its terms, this Order is not admissible as evidence for any purpose against the Released Parties (including without limitation Defendants Rue La La, Inc. and Kynetic LLC) in any pending or future litigation. In the event that no Final Approval Order is issued or the Settlement Agreement is otherwise terminated pursuant to its terms, the Order shall not be construed or used (1) as an admission or evidence of the validity of any Released Claim or of any wrongdoing by or against the Released Parties, or (2) as a waiver by the Released Parties of any right to present any evidence, arguments, or defenses (including without limitation to class certification) in this action or any other proceeding.

Dated: November 13, 2014

/s/ George A. O'Toole, Jr.
HON. GEORGE A. O'TOOLE, JR.
United States District Judge