**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LEAH MIRABELLA, on behalf of herself and all others similar situated,<br><br>        Plaintiff,<br><br>        v.<br><br>RUE LA LA, INC. and KYNETIC LLC,<br><br>        Defendants. | Civil Action No.: 13-cv-11392-GAO |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
<u>JOINT MOTION FOR FINAL APPROVAL</u>**

Defendants Rue La La, Inc. ("Rue La La") and its parent Kynetic, LLC submit this memorandum in support of the joint motion for final approval of the Stipulation and Agreement of Class Action Settlement (the "Settlement").

Rue La La offers its customers the opportunity to purchase vouchers redeemable for goods or services at local merchants. In June 2013, Plaintiff filed this lawsuit challenging Rue La La's voucher business on the basis that Rue La La's vouchers expired earlier than permitted by law. Following informal discovery, the parties entered into the Settlement, under which Rue La La has agreed to provide each settlement class member who submits a valid claim an account credit equivalent to the entire purchase price of the voucher that provides the basis for the claim. This Court granted preliminary approval to the settlement in November 2014.

Although Plaintiff's memorandum identifies numerous reasons why the Settlement is fair, reasonable, and adequate, this memorandum identifies one additional reason why this Court should approve the Settlement: Rue La La has strong defenses in this case. Plaintiff's claim

under the federal gift certificate provisions codified in the Electronic Funds Transfer Act ("EFTA") would fail because Rue La La's vouchers are not "gift certificates" under federal law and because they comply with the EFTA's requirement that the vouchers may be redeemed for their purchase value for at least five years. Plaintiff's claim under Massachusetts's gift certificate law would likewise fail because Rue La La's vouchers are not "gift certificates" under state law. Moreover, even if a technical violation of the federal or state gift certificate law occurred—and none did—very few, if any, class members were harmed by any expiration date. In light of these significant barriers to prevailing on the merits, it was reasonable for Plaintiff to accept a definite settlement recovery to avoid the uncertainties and substantial expenses associated with litigating this case.

## BACKGROUND

This lawsuit challenges "daily deal" vouchers offered for sale on Rue La La's website that may be redeemed at local businesses for a "specified use" or a "specified value." A "specified use" voucher was redeemable for a fixed amount of goods or services before a specified date; if customers attempted to redeem vouchers after that date, Rue La La encouraged merchants to give customers a credit equal to the purchase price of the voucher. A "specified value" voucher was redeemable for a "promotional value"—an amount greater than the purchase price of the voucher—for a specified period of time (usually a period of weeks or months), after which the voucher may be redeemed for an amount equal to its purchase price for at least five years. Rue La La clearly disclosed these expiration date policies to its customers on the "Terms of Use" section of its website, on the webpage where a voucher was offered for sale, and on the face of the voucher itself.

Nevertheless, in June 2013, Plaintiff filed this class-action lawsuit challenging Rue La La's voucher practices. Plaintiff's claims rested on her allegation that she purchased a voucher

from Rue La La that she was unable to redeem at a local business before the voucher expired. Doc. 1, ¶¶ 48-49. The Complaint asserted claims under the federal gift certificate law codified in the EFTA, Massachusetts's gift certificate law, and the common law of contracts. Doc 1 at 11-15. Nearly all of the lawyers who signed the Complaint in this case have served as counsel in other lawsuits involving "daily deal" providers, including lawsuits filed against Groupon and LivingSocial.

Although Rue La La strongly believes that it complied with all applicable laws and regulations, it ultimately decided to pursue a settlement to avoid the time, expense, and uncertainty associated with litigation. Accordingly, before it responded to the Complaint, Rue La La provided certain informal discovery to settlement class counsel about Rue La La's policies and procedures. The parties then entered into arms-length settlement negotiations and executed a term sheet on January 30, 2014. The parties subsequently signed a settlement agreement on March 14, 2014, and filed a slightly amended settlement agreement with the Court on September 3, 2014 (the "Settlement"). Under the Settlement, Rue La La will provide each class member who submits a valid claim an account credit toward a future purchase from Rue La La in an amount equal to the entire paid value of the voucher that is the subject of the claim. Doc. 22-1, §§ 2(29), 7(B).

## **STANDARD OF REVIEW**

Under Fed. R. Civ. P. 23(e), a class action settlement should be approved if it is "fair, reasonable, and adequate." *Voss v. Rolland*, 592 F.3d 242, 252 (1st Cir. 2010). Although the First Circuit has not established a "fixed test" for evaluating the fairness of a settlement, other courts in this district have focused on the following factors:

> (1) risk, complexity, expense and duration of the case, (2) comparison of the proposed settlement with the likely result of continued litigation; (3) reaction of the class to the settlement, (4)

stage of the litigation and the amount of discovery completed; and
(5) quality of counsel and conduct during litigation and settlement negotiations.

*New England Carpenters Health Benefits Fund v. First DataBank, Inc.*, 602 F. Supp. 2d 277, 281 (D. Mass. 2009) (quoting *In re Tyco Int'l Ltd. Multidistrict Litig.*, 535 F. Supp. 2d 249, 259-60 (D.N.H. 2007)).  A court's review of a proposed class-action settlement "should be evaluated within the context of the public policy favoring settlement." *Hill v. State Street Corp.*, 2015 WL 127728, at *6 (D. Mass. Jan. 8, 2015) (Dein, M.J., *aff'd by* O'Toole, J.).

## ARGUMENT

**I.    THE SETTLEMENT IS FAIR IN LIGHT OF PLAINTIFF'S REMOTE PROSPECTS FOR PREVAILING ON THE MERITS.**

Under the Settlement, Rue La La agreed to provide any class member who submitted a valid claim an account credit equivalent to the entire purchase price of any voucher. *See* Doc. 22-1, § 7(B).  As explained below, if this case were litigated, Plaintiff would have to overcome substantial obstacles, including the fact that Rue La La's vouchers are not "gift certificates" for purposes of federal or state gift certificate laws.[1]  Given the strengths and weakness of each side's case, the benefits of avoiding uncertainty, and the substantial costs of litigation, a settlement that offers class members an account credit equal to the purchase price of their

---

[1]    While the Complaint also asserted common-law claims for breach of contract and unjust enrichment, *see* Doc. 1, ¶¶ 72-86, Plaintiff would have been unlikely to succeed on these claims. For example, even if Plaintiff could show that Rue La La breached its agreement with her—and, given the absence of any allegation that a merchant refused to honor her voucher because it expired, she likely could not—she could not establish the similar breaches involving absent class members using common proof.  *See, e.g.*, *Abia v. Brinker Restaurant Corp.*, 279 F.R.D. 51, 58 (D. Mass. 2011) ("[I]t is not possible or advantageous to attempt to prove liability for breach of … contract on a class-wide basis …."); *De Giovanni v. Jani-King Int'l, Inc.*, 262 F.R.D. 71, 77 (D. Mass. 2009) (refusing to certify breach-of-contract claim for class treatment when "lengthy, individualized inquiries regarding breach" were necessary).  Similarly, as even Plaintiff acknowledges, *see* Doc. 1, ¶ 81, "an unjust enrichment claim is permissible only where there is no express agreement between the parties." *Mitchell v. U.S. Airways, Inc.*, 858 F. Supp. 2d 137, 159 (D. Mass. 2012).

vouchers—in essence, a voucher equal in value to the voucher class members failed to redeem before the expiration date—is "fair, adequate, and reasonable." Fed. R. Civ. P. 23(e).

### A. Rue La La Has A Strong Argument It Did Not Violate The EFTA.

The Complaint alleges that Rue La La violated the EFTA provisions codified at 15 U.S.C. § 1693*l*-1. *See* Doc. 1, ¶¶ 58-67. Those provisions prohibit any person from "sell[ing] or issu[ing] a gift certificate" that contains an expiration date unless "the expiration date is not earlier than 5 years after the date on which the gift certificate was issued" and "the terms of expiration are clearly and conspicuously stated." 15 U.S.C. § 1693*l*-1(c)(1)-(2). For two reasons, Plaintiff would be unlikely to prevail on her EFTA claim.

First, Rue La La's specified use vouchers are not "gift certificates" and therefore are excluded from the EFTA's expiration-date limitations. A "gift certificate" only includes vouchers that are "issued in a specified amount." 15 U.S.C. § 1693*l*-1(a)(2)(B). Since Rue La La's specified use vouchers are redeemable for "a specific good or service," they are not "gift certificates" under the EFTA. 12 C.F.R. Part 205, Supp. I, Official Staff Interpretations (Nov. 29, 2010); *see also Hughes v. CorePower Yoga, LLC*, 2013 WL 1314456, at *6 (D. Minn. Mar. 28, 2013) (voucher redeemable for yoga classes not covered by the EFTA because it was not redeemable "for a 'specific amount'").

Second, Rue La La's specified value vouchers comply with any applicable EFTA requirements. These vouchers state on their face that they can be redeemed for their purchase price for at least five years after the voucher is purchased, which is all the EFTA requires. *See* 15 U.S.C. § 1693*l*-(c)(2)(A). Moreover, nothing in the EFTA prohibits the promotional value of these vouchers from expiring earlier than this five year period. To the contrary, the EFTA does not apply to vouchers that are "promotional gift cards," 15 U.S.C. § 1693*l*-1(a)(2)(D)(iii), a

definition that includes vouchers like Rue La La's, which "state on the front … 'Promotional,'" 12 C.F.R. Part 205, Supp. I, Official Staff Interpretations, § 20(a)(4).

### B. Rue La La Has A Strong Argument It Did Not Violate Massachusetts's Gift Certificate Statute.

Although the Complaint also alleged that Rue La La violated Massachusetts's gift certificate statute, Mass. Gen. Laws ch. 200A, § 5D, Plaintiff cannot prove a violation of that statute because Rue La La's vouchers are not "gift certificates" under that law.  Under Massachusetts law, a "gift certificate" is "a writing identified as a gift certificate purchased by a buyer for use by a person other than the buyer not redeemable in cash and usable in its face amount in lieu of cash in exchange for goods and services supplied by the seller."  Mass. Gen. Laws ch. 225D, § 1; *see also Massachusetts v. Simon Property Group, Inc.*, 24 Mass. L. Rptr. 645, at *2-4 (Mass. Super Ct. 2008) (finding gift cards sold by a shopping mall operator were not "gift certificates" covered by Section 5D).

For three reasons, Rue La La's vouchers are not "gift certificates" for purposes of Massachusetts's gift certificate law.  First, the vouchers are not "writing[s] identified as a gift certificate."  *Id.* at *3.  To the contrary, the phrase "gift certificate" appears nowhere on Rue La La's vouchers.  Second, the vouchers are not "purchased by one person for use by another." *Simon Property*, 24 Mass. L. Rptr. 645, at *3.  Instead, as Plaintiff's allegations illustrate, Rue La La's vouchers are purchased and used by the same person.  *See* Compl. ¶¶ 46-49.  Finally, the vouchers may not be used "in exchange for goods or services supplied by the seller."  *Simon Property*, 24 Mass. L. Rptr. 645, at * 3.  As Plaintiff's experience confirms, Rue La La offered

the voucher via its marketing platform; the provider of the goods and services (in Plaintiff's case, a gym) is different.[2]

### C. Rue La La Has A Strong Argument Very Few Class Members Were Harmed By Any Expiration Date.

Even if a technical violation of the EFTA or Massachusetts's gift certificate law occurred—and none did—very few class members could show they were harmed by any expiration date. Instead, if this litigation proceeded, Rue La La would have demonstrated that class members either had no difficulty redeeming their vouchers or had already been fully compensated for any voucher they were prevented from redeeming.

While Rue La La does not maintain comprehensive data on the redemption rates of its vouchers, Rue La La's experience is that the vast majority of customers have no difficulty redeeming their vouchers before the expiration date. Rue La La's experience is consistent with an expert report submitted by class counsel in the *LivingSocial* "daily deal" litigation (some of whom also represent the settlement class here), which concluded that as many as 95 percent of "daily deal" vouchers are redeemed before they expire. *See* Ex. 1, ¶ 15.[3]

In the relatively few cases where customers attempted to redeem an expired voucher, Rue La La sought to ensure customers could recover at least the value of the voucher's purchase price. For example, when customers attempted to redeem an expired voucher, Rue La La's corporate policy was to encourage merchants to honor at least the paid value of expired

---

[2] For similar reasons, the Rue La La Account Credits that Rue La La has agreed to give claimants under the Settlement are not "gift certificates" under Section 5D. The Account Credits are not "writing[s] identified as a gift certificate," they have not been "purchased," and they are not "purchased by one person for use by another." Mass. Gen. Laws ch. 225D, § 1.

[3] A copy of the Expert Report of Alexander J. Hoinsky and Exhibit B to that report, which were filed in the *LivingSocial* litigation, is attached hereto as Exhibit 1.

vouchers.  Rue La La also provided refunds to customers who contacted Rue La La about any difficulty in redeeming their vouchers.

## CONCLUSION

For the forgoing reasons, Rue La La respectfully requests that the Court grant the joint motion for final approval.

Respectfully submitted,

/s/ **Michael M. Maya**
Michael M. Maya (BBO No. 672847)
*mmaya@cov.com*
Christian J. Pistilli (admitted *pro hac vice*)
*cpistilli@cov.com*
Andrew Soukup (admitted *pro hac vice*)
*asoukup@cov.com*
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Tel:  202.662.6000
Fax:  202.662.6291

Dated:  February 27, 2015.

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for the Plaintiff through the Court's electronic filing system ("ECF") on February 27, 2015.

/s/ **Michael M. Maya**
Michael M. Maya (BBO No. 672847)
*mmaya@cov.com*