UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEAH MIRABELLA, on behalf of herself and all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>RUE LA LA, INC. and KYNETIC LLC,<br><br>*Defendants.* | C.A. No. 1:13-cv-11392-GAO |

## FINAL JUDGMENT AND ORDER OF DISMISSAL

This matter came on for hearing upon the parties' Joint Motion for Final Approval of the settlement set forth in the Stipulation and Agreement of Class Action Settlement (the "Settlement Agreement") and upon Settlement Class Counsel's Motion for an Award of Attorney's Fees and Costs.

Due and adequate notice having been given to the Settlement Class, and the Court having considered the Settlement Agreement, all papers filed and proceedings had herein, and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing, it is hereby ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. For purposes of this Final Judgment and Order of Dismissal ("Judgment"), the Court adopts all defined terms as set forth in the Stipulation and Agreement of Class Action Settlement filed in this case.

2. The Court has jurisdiction over the subject matter of the Litigation, the Settlement Class Representative, the other Settlement Class Members, and the Released Parties.

3. With respect to the Settlement Class and for purposes of approving this Settlement only, this Court finds and concludes that:

- 2 -

    (a) the proposed Settlement Class is ascertainable and so numerous that joinder of all Settlement Class Members is impracticable for purposes of the Settlement;

    (b) there are questions of law or fact common to the proposed Settlement Class in the context of the Settlement;

    (c) the claims of Settlement Class Representative Leah Mirabella are typical of the claims of the Members of the proposed Settlement Class for purposes of the Settlement;

    (d) Settlement Class Representative Leah Mirabella will fairly and adequately represent the interests of the Members of the Settlement Class for purposes of the Settlement;

    (e) certification of a settlement class is superior to other available methods for an efficient adjudication of this controversy;

    (f) Settlement Class Counsel are qualified to serve as counsel for the Settlement Class Representative in her own capacity as well as her representative capacity and for the Settlement Class; and

    (g) in the context of the Settlement, common issues will likely predominate over individual issues.

  4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of, and solely in connection with, the Settlement, the Court certifies this action as a class action on behalf of the following Settlement Class:

> All Persons in the United States who, on or before May 3, 2013, purchased from Rue La La's website a voucher redeemable for goods and/or services that was subject to an expiration date.

  5. The Settling Parties have complied fully with the notice provisions of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

  6. Based on evidence and other material submitted in conjunction with the Final

- 3 -

Approval Hearing, the Court hereby finds and concludes that (1) the Notice was disseminated to members of the Settlement Class in accordance with the Settlement Agreement and the Court's Preliminary Approval Order, and (2) the Website Notice, the Email Notice, and the Settlement Website complied with this Court's Preliminary Approval Order.

7.      The Court finds and concludes that the Notice, the Website Notice, the Email Notice, the Settlement Website, the Claim Form, and all other aspects of the notice, opt-out and claims submission procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, and support the Court's exercise of jurisdiction over the Settlement Class and the Settlement Class Members.

8.      Certain Persons who fall within the definition of the Settlement Class have requested to opt out of the Settlement and have complied with the procedures established by the Settlement Agreement and this Court.  These Persons are listed in Docket Entry 33-1, and they will not be bound by the terms of the Settlement Agreement.

9.      The Court finds that the Settlement Agreement is the product of arm's length settlement negotiations between the Settlement Class Representatives, Settlement Class Counsel, and the Released Parties.

10.     The Court finds and concludes that the Settlement is fair, reasonable, and adequate and should be approved.

11.     The Court hereby approves the Settlement (as set forth in the Settlement Agreement), the Releases, and all other terms in the Settlement Agreement, as fair, just, reasonable and adequate as to the Settlement Class Representative, the Settlement Class Members, and the Released Parties (the "Settling Parties").  The Parties are directed to perform

in accordance with the terms set forth in the Settlement Agreement. However, without seeking further Court approval, the Parties may jointly agree to make changes to the Settlement Agreement, including to the manner in which the claims process shall be administered, provided that those changes do not reduce the benefits to which Settlement Class Members may be entitled, increase the burden on Settlement Class Members in making a Claim, or otherwise materially alter the Parties' obligations under the Settlement and the Settlement Agreement.

12. By this Judgment, the Releasing Parties shall be deemed to have (and by operation of the Judgment shall have) fully finally, and forever released, relinquished and discharged all Released Claims against the Released Parties. In addition, any rights of any Releasing Party (including the Settlement Class Representative and each Settlement Class Member) to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws, are terminated.

13. This action is dismissed with prejudice. The Settling Parties are to bear their own attorney's fees and costs, except as otherwise expressly provided in the Settlement Agreement and in this Judgment.

14. This Court has considered and overruled all objections to the Settlement.

15. Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Released Parties may file the Settlement Agreement and/or the Judgment from this Litigation in any other

action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16.     If for any reason the Effective Date does not occur, then (1) the certification of the Settlement Class shall be deemed vacated, (2) the certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent class certification issues, and (3) the Parties shall return to the *status quo ante* in the Litigation as it existed on January 30, 2014, without prejudice to the right of any of the Parties to assert any right or position that could have been asserted if the Settlement had never been reached or proposed to the Court.

17.     The only Settlement Class Members entitled to monetary relief pursuant to this Judgment are Rue La La Account Credit Recipients.  Neither the Settlement Agreement nor this Judgment will result in the creation of any unpaid residue or residual.

18.     Upon consideration of Settlement Class Counsel's Motion for and Award of Fees and Costs, Settlement Class Counsel's Motion is GRANTED.  Consistent with the terms of Section 8 of the Settlement Agreement, Defendants shall pay a Fee Award to Settlement Class Counsel in the amount of $250,000, consistent with the terms of the Settlement Agreement.

19.     Upon consideration of Settlement Class Counsel's request for an incentive award to the Settlement Class Representative, the request is GRANTED.  Consistent with the terms of Section 9 of the Settlement Agreement, Defendants shall pay a Settlement Class Representative Award in the amount of $2,500 to Leah Mirabella.

20.     Within 130 days from the Effective Date, the Settlement Administrator shall

- 6 -

destroy all personally identifying information about any Settlement Class Member in its possession, custody, or control, including (but not limited to) any list that the Settlement Administrator received from Rue La La in connection with the Settlement Administrator's efforts to provide Email Notice to Settlement Class Members.

21. Each and every Settlement Class Member, and any Person actually or purportedly acting on behalf of any Settlement Class Member, is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties.  This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Judgment, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

22. This document is a final, appealable order, and shall constitute a judgment for purposes of Rules 54 and 58 of the Federal Rules of Civil Procedure.  By incorporating the Settlement Agreement's terms herein, the Court determines that this Final Judgment complies in all respect with Federal Rule of Civil Procedure 65(d)(1).

IT IS SO ORDERED.

Dated:  March 17, 2015                                          /s/ George A. O'Toole, Jr.
                                                                                                            HON. GEORGE A. O'TOOLE, JR.
                                                                                                            United States District Judge